THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:17-cr-70) |
| v. | : | |
| WILLIAM MARTIN, | | Judge Walter H. Rice |
| Defendant. | : | |

ORDER OVERRULING MOTION (DOC. #90), FIRST SUPPLEMENTAL (DOC. #92), AND SECOND SUPPLEMENTAL (DOC. #95) FOR COMPASSIONATE RELEASE OF DEFENDANT WILLIAM MARTIN AS MOOT GIVEN DEFENDANT IS NO LONGER INCARCERATED

Before the Court are the First (Doc. #90), First Supplemental (Doc. #92), and Second Supplemental (Doc. #95) Motions for Compassionate Release of Defendant William Martin. On August 21, 2018, Defendant was sentenced to eighty-four months imprisonment after pleading guilty to one count from the First Superseding Information. (Sealed Judgment, Doc. #71, citing Superseding Information, Doc. #27). Defendant filed the First, First Supplemental, and Second Supplemental Motions on October 6, 2020, March 30, 2021, and January 4, 2022, under 18 U.S.C. § 3582(c)(1)(A), as amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("First Step") Act of 2018, Pub. L. 115-391, 132 Stat. 5194. While the Motions were pending, Defendant was released on June 14, 2024.[1] A case becomes moot if "the issues

---

[1] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last accessed Jul. 1, 2024)

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984) (citation omitted). A motion for compassionate release seeks relief not from the judgment *in toto*, but from the confinement imposed as part of the judgment. "When a prisoner is released from custody, the motion for compassionate release becomes moot because there is no further relief this Court can provide[,]" *United States v. Sanchez*, No. 16-cr-2077, 2021 WL 5999764, *1 (S.D. Cal. Dec. 17, 2021) (collecting cases), and there is no longer a "live" and redressable issue pending before the Court. *See, e.g., United States v. Hernandez*, 845 F. App'x 921, 921 (11th Cir. 2021) (*per curiam*) ("Completion of a prison term moots a challenge to the term of confinement.").

As (Defendant) has completed his term of confinement, his Motion no longer presents a live case or controversy, and the Court is without jurisdiction to hear it. U.S. Const. art. III § 2. Accordingly, the Motion is OVERRULED AS MOOT.[2]

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

[2] Also, the Court, having considered the factors for granting compassionate release set forth in *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021), concludes that Defendant would not have been eligible for release while he was incarcerated. Specifically, Defendant remained a danger to the community based on the offense to which he pleaded guilty—"discharging a firearm during and in relation to a drug trafficking crime." (Memo. in Opp., Doc. #93, PAGEID 520).

2

IT IS SO ORDERED.

July 1, 2024

*[signature]*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

3